McCORD, Judge.
This is an appeal from a summary final judgment denying recovery to appellant on a certificate or policy of insurance.
Walter William Fuller, Sr., was issued a certificate of insurance by appellee and appellant was named beneficiary to receive any death benefits payable as a result of *684 the death of the insured. At the time of issuance, the deceased was a member of appellee, a fraternal benefit society. The certificate provides that the insured member (the deceased) of appellee fraternal benefit society “shall be indemnified against any loss set forth below caused directly and exclusively by and due solely to violent, external and accidental means sustained subsequent to the date hereof, independently of disease, bodily infirmity or any other cause.” Following thereafter are certain enumerated losses and the amount payable for each. Among them is “death” which pays $5,000. In addition the insurance certificate provides that the insurance under the contract does not cover suicide (while sane or insane).
The deceased died from suicide more than two years after issuance of the certif icate of insurance. Appellant contends that the certificate or policy of insurance is a policy of “disability insurance” as defined by Section 624.603, Florida Statutes, F.S.A., and is a “certificate” within the meaning of Section 632.301, Florida Statutes, F.S.A.; that under said latter statute, it was required to contain a provision that it should be incontestable on the ground of suicide after it had been in force during the lifetime of the member for a period of two years from the date of issuance; that since the certificate contained no such provision, the court is required to read the statutory requirement into the certificate.
Appellee contends that recovery is controlled by Section 632.051(4), Florida Statutes, F.S.A., which provides:
“Every society which provides for benefits in case of death or disability resulting solely from accident, and which does not obligate itself to pay natural death or sick benefits shall have all the privileges and be subject to all the applicable provisions and regulations of this chapter except that the provisions thereof relating to medical examination, valuations of benefit certificates, and incontestability, shall not apply to such society.” (Emphasis supplied.)
The certificate issued by appellee specifically states as follows:
“The Insured Member shall be indemnified against any loss set forth below caused directly and exclusively by ■ and due solely to violent, external and accidental means sustained subsequent to the date hereof, independently of disease, bodily infirmity or any other cause: .” (Emphasis supplied.)
There is no ambiguity. This policy clearly fits the provisions of the above statutory exception and was, therefore, not required to contain an incontestability clause.
Affirmed.
RAWLS, C. J., and BOYER, J., concur.